IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DESUE,

    Plaintiff,

v.

BOROUGH OF GLASSPORT,

    Defendant,                         **JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW comes Plaintiff, Michael DeSue, by and through his attorney, John Newborg, Esquire and files this Complaint against The Borough of Glassport averring as follows:

## JURISDICTION AND VENUE

1. This action is brought and jurisdiction lies pursuant to the AMERICANS WITH DISABILITIES ACT, as amended ["ADA"] 42 U.S.C.A. § 12133.

2. Plaintiff has complied with all conditions precedent to jurisdiction by filing a Charge of Discrimination with the Equal Employment Opportunity Commission, by obtaining a Right to Sue letter and filing suit within 90 days of receipt of the Right to Sue letter.

## PARTIES

3. Plaintiff, Michael DeSue, is an adult individual residing at 203 North Monongahela Avenue, Glassport, PA 15045.

4.      Defendant, the Borough of Glassport (hereinafter "Glassport") is a governmental entity with its principal office located at 440 Monongahela Ave., Glassport, PA 15045.

5.      At all times material hereto, Glassport was acting by and through its authorized agents and/or employees acting within the course and scope of their employment.

## STATEMENT OF FACTS

6.      Glassport employed the Plaintiff in its Sewage Department as a Sewage Operator.

7.      As the result of pain caused by various injuries and surgeries on Plaintiff's left ankle over the years, the Plaintiff, while employed by Glassport, had developed a dependence on opioid medication.

8.      In September 2017 the Plaintiff contacted the Chair of the Glassport Borough Sewage Department, Thomas Bradley, and expressed to him his concern that he was becoming addicted to opioid medication, and that he thought he might need to take time off for treatment of his opioid dependency.

9.      However, towards the end of September 2017, the Plaintiff tried to wean himself off of the opioid medication on his own.

10.     After starting to wean himself off of the opioid medication, the Plaintiff was unable to come to work due to withdrawal symptoms.

11.     When the Plaintiff was unable to come into work due to withdrawal symptoms, Plaintiff would call his office and advise that he needed to take a sick day.

12.     After making the attempt to wean himself off of the opioid medication, the Plaintiff realized that he could not get off of the opioid medication without professional help.

13.     On September 30, 2018 Plaintiff contacted the Chair of the Glassport Borough Sewage Department, Thomas Bradley and informed Mr. Bradley that he needed to immediately enter a drug addiction treatment facility and that he planned on going to the River Oaks Treatment Center, located at 12012 Boyette Rd., Riverview, Florida 33569

14.     The River Oaks Treatment Center is an addiction treatment facility that is a CARF (Commission on Accreditation of Rehabilitation Facilities) accredited treatment facility and a Joint Commission accredited treatment facility.

15.     In addition to being the Chair of the Sewage Department, Thomas Bradley was also the Vice-President of the Glassport Borough Council.

16.     Thomas Bradley informed Plaintiff that he approved of Plaintiff missing work in order to attend a drug addiction treatment facility.

17.     Plaintiff entered the treatment facility on October 1, 2017.

18.     Upon entering the facility, and periodically thereafter, Plaintiff contacted Thomas Bradley by phone to advise Mr. Bradley of his progress.

19.     While in the treatment facility, the Plaintiff applied for and was approved to receive Sickness and Accident benefits through his union, Teamsters Local 205.

20. Attached hereto and Marked Exhibit "A" is Plaintiff's application for Sickness and Accident Benefits, which includes the Certification of Dr. Sina confirming that Plaintiff was disabled for the period from October 2, 2017 to November 16, 2017.[1]

21. On October 23, 2017 Plaintiff completed the treatment program and returned home.

22. On November 2, 2017 Plaintiff received a Certificate of Completion from River Oaks.  Attached hereto and Marked Exhibit "B" is a copy of the Certificate of Completion.

23. Also, on November 2, 2017 the Borough sent a letter to Plaintiff falsely stating that Glassport did not know where Plaintiff had been while Plaintiff had been at the treatment facility, and Glassport viewed Plaintiff's absence as unauthorized and ordered Plaintiff to attend a meeting on November 9, 2017 where the status of his employment with Glassport was to be discussed.  Attached hereto and marked Exhibit "C" is a copy  of the November 2, 2017 letter

24. By letter dated November 7, 2017, the November 9, 2017 meeting was moved to November 16, 2017. Attached hereto and marked Exhibit "D" is a copy of the November 7, 2017 letter.

---

[1] The certification does not reference treatment for drug abuse because the treatment facility has a policy of avoiding recording treatment for drug abuse in written submissions to third parties, however, the Borough was aware the treatment was for drug abuse

25.     Plaintiff was ready and able to return to work on November 16, 2017 when his disability certification expired, but on the evening of November 15, 2017 Glassport told Plaintiff to not report to work.

26.     At the November 16, 2017 meeting Plaintiff provided Glassport with proof that he was in recovery from his opioid addiction and that he was ready to return to work, however, Glassport refused to allow Plaintiff to return to work.

27.     After the November 16, 2017 hearing Plaintiff was never allowed to return to work.

28.     By letter dated January 17, 2018 Glassport advised Plaintiff that he was terminated effective January 16, 2018.  Attached hereto and Marked Exhibit "E" is a copy of the January 17, 2018 letter.

29.     At the time Glassport fired the Plaintiff,  Plaintiff had successfully completed a drug abuse rehabilitation program and was no longer using any opioid medication.

30.     The Borough still fired Plaintiff because Glassport regarded Plaintiff as being a drug addict.

31.     Any other reasons Glassport has articulated for firing Plaintiff are pretexts.

**AMERICANS WITH DISABILITIES ACT**

32.     Paragraphs 1 through 31 above are hereby incorporated by reference.

33.     Glassport terminating Plaintiff after he had successfully completed a drug abuse rehabilitation program, and after Plaintiff had stopped using any opioid

5

medication, because Glassport nevertheless still regarded the employee as being a drug abuser, is a violation of the Americans with Disabilities Act. (hereinafter "ADA")

34. Further, Glassport's failure to provide Plaintiff with the reasonable accommodation of a leave of absence so Plaintiff could treat his opioid addiction is another violation of the ADA.

35. Defendant violated the ADA when the Defendant fired the Plaintiff due to discriminatory animus.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) Judgment in his favor and against the Defendant for back pay and loss of employment benefits from November 17, 2017, plus interest.

(b) An award of front pay and benefits.

(c) An award of compensatory damages

(d) An award of reasonable attorney's fees, including litigation expenses and costs.

(e) An award of punitive damages

(f) Such other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ John Newborg, Esquire
John Newborg, Esquire
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 281-1106
PA Attorney ID No. 22276
newborglaw@gmail.com